UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO.: 3:10cr102-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>         Plaintiff,  )<br>v.  )<br>  )<br>(1) JERRY W. HOLMES,  )<br>         Defendant.  )<br>  ) | **CONSENT ORDER AND<br>JUDGMENT OF FORFEITURE** |

BASED UPON Defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense/s to which Defendant has pled guilty and that Defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c):

   **All currency and monetary instruments constituting or derived from proceeds traceable to the scheme alleged in the Bill of Information, including but not limited to the sum of approximately $2,400,000 in proceeds; and**

   **Any and all interest of Jerry Holmes in Cabarrus County Enterprises, a North Carolina Partnership, and the real property at Highway 73, Biscayne Drive, and interstate Highway 85 in Cabarrus County, North Carolina, more particularly described as Tracts I and II in Exhibit A to a North Carolina General Warranty Deed at Cabarrus County Register of Deeds Book 699, Pages 275 through 277.**

2. The Internal Revenue Service, Federal Bureau of Investigation, and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above specifically identified property;

3. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the specifically identified property, and shall publish notice of this forfeiture as required by law;

4. Any person, other than Defendant, asserting any legal interest in the specifically identified property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. Following the Court's disposition of all timely petitions filed, a final order of

forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law. To the extent that this consent order constitutes a forfeiture money judgment, this order is a final money judgment;

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of Defendant's crime(s) herein and/or substitute property, and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c). Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

EDWARD R. RYAN
ATTORNEY FOR THE
UNITED STATES ~~ATTORNEY~~

_____
Benjamin Bain-Creed
Special Assistant United States Attorney

_____
Jerry W. Holmes
Defendant

_____
James P. Cooney, III, Esq.
Attorney for Defendant

Signed this the 2nd day of June, 2010.

_____
UNITED STATES _____ JUDGE